UNITED STATES, Appellant and Cross-Appellee

v

TIMOTHY T. MASTERMAN, Specialist Five, U. S. Army, Appellee
and Cross-Appellant

No. 26,028

UNITED STATES, Appellant

v

DONALD O. CHARLESTON, III, Specialist Four, U. S. Army, Appellee

22 USCMA 250, 46 CMR 250

No. 26,025

May 4, 1973*

*Captain Ronald A. Cimino* argued the cause for Appellant, United
States. With him on the briefs were *Lieutenant Colonel Ronald M. Holda-*

\* The following cases, which were also certified to this Court by the Judge Advocate General of the Army, are decided this date on the basis of this opinion:

In United States v Velarde, No. 26,232, and United States v Gipson, No. 26,026, the certified question is answered in the negative.

In United States v Penman, No. 26,049, United States v Feldhaus, No. 26,160, and United States v Aubert, No. 26,333, the certified question is answered in the affirmative.

*way, Major Thomas P. Burns, III, Captain Richard L. Menson,* and *Captain Glenn R. Bonard.*

*Captain John R. Toland* argued the cause for Appellees, Accused. With him on the briefs were *Colonel Arnold I. Melnick, Captain John D. Lanoue,* and *Captain Gilbert J. Weller.*

## Opinion of the Court

DUNCAN, Judge:

Each of these cases involves a general court-martial convened by command of Brigadier General Wear "[p]ursuant to the authority contained in General Order Number 28, DA, 9 June 1971." The question before us in each case is whether, with regard to these cases, General Wear was a commander authorized to convene general courts-martial.

General Order No. 28 reads in pertinent part:

II—GENERAL COURTS-MARTIAL. Confirming verbal order of the Secretary of the Army on 16 May 1971, the Commanding Officer, United States Army Forces, Military Region 2, APO San Francisco 96350, is designated by the Secretary of the Army, pursuant to the Uniform Code of Military Justice, Article 22(a)(6), to convene general courts-martial.

Brigadier General Wear initially assumed command of United States Army Forces, Military Region 2 (USARMYF, MR 2) on October 8, 1971.

In *Masterman,* the Court of Military Review held that while General Wear, as Commanding General, USARMYF, MR 2, APO San Francisco 96350, had authority to convene this court (Court-Martial Convening Order Number 140, dated December 1, 1971) he was without authority to take action on the record since he purported to do so as Commanding General, Second Regional Assistance Group, United States Army Forces, Military Region 2 (SRAG/ USARMYF, MR 2) APO San Francisco 96318 (General Court-Martial Order Number 9, dated February 8, 1972), a separately identifiable command. The Court of Military Review was unable to find that general court-martial authority had ever been extended to the Commanding General, SRAG/US ARMYF, MR 2.

In *Charleston,* the Court of Military Review held those proceedings to be null and void because Charleston was tried by a court convened by Brigadier General Wear as "[t]he Commanding General, Second Regional Assistance Group, United States Army Forces, Military Region 2."

The Judge Advocate General of the Army has certified the correctness of these decisions. We granted Masterman's cross-petition for review to determine whether the court which tried him had jurisdiction to do so in light of the fact that Headquarters and Headquarters Company, USARMYF, MR 2, was reduced to zero strength on December 15, 1971, 5 days before charges were referred to trial and some 6 weeks prior to his trial on January 27, 1972.

The problem arises because of the several changes in command designation prior to and during the pertinent period, occasioned by the reorganization of forces in Vietnam. The following is pertinent thereto:

By General Orders Number 190, dated March 30, 1971, the Department of the Army, Headquarters, United States Army, Pacific, redesignated the then denominated Headquarters and Headquarters Company, I Field Forces Vietnam (IFFV), APO 96350, to Headquarters, Second Regional Assistance Command (SRAC). The Secretary of the Army on April 15, 1971, pursuant to Article 22(a)(6), Uniform Code of Military Justice, 10 USC § 822, designated the Commanding Officer, SRAC, to convene general courts-martial. General Orders No. 23, April 22, 1971. On June 8, 1971, Headquarters, SRAC, was redesignated Headquarters, Unit-

ed States Army Forces, Military Region 2 (USARMYF, MR 2) effective May 16, 1971. General Orders No. 28 followed.

Headquarters, United States Military Assistance Command, Vietnam (USMACV), by General Orders Number 2211, dated May 25, 1971, directed the activation of a new organization, the Second Regional Assistance Group (SRAG) effective May 16, 1971. SRAG, which was assigned to USMACV, was given the mission of the

> [c]oordination and supervision of all USMACV military and civilian efforts in Military Region 2 except for those functions assigned to USMACV Service Component Commanders. . . .

> Personnel will be assigned when requirements are determined and authorized. Administrative and logistic support will be provided by CG, USARMYF MR 2. (Emphasis added.)

On October 20, 1971, the Commanding General, United States Army, Vietnam, informed the Judge Advocate General that USARMYF, MR 2, would shortly be "zeroed out, MTOE [applicability] . . . deleted and morning report responsibility . . . terminated." The message described, in general terms, the activation of SRAG and disclosed the fact that the CG, USARMYF, MR 2, would be appointed as Deputy Senior Advisor to the Senior U. S. Official of SRAG/USARMYF, MR 2, a civilian. In light of these changes, the CG, United States Army, Vietnam, inquired whether "redesignation and inclusion of USARMYF MR 2 as part of SRAG/USARMYF MR 2 requires new delegation of GCM authority from Sec of Army pursuant to Article 22a (6), UCMJ." On November 3, 1971, the Judge Advocate General replied that in his opinion the contemplated reorganization did not "require a new delegation of GCM authority."

Headquarters, USMACV, by General Orders Number 4652, November 2, 1971, redesignated SRAG as SRAG/USARMYF, MR 2. Copies of this Order

were distributed to "Dir SRAG" and "CG, USARMYF MR 2."

On December 13, 1971, Headquarters, United States Army, Pacific, by General Orders Number 718, directed that Headquarters and Headquarters Company, USARMYF, MR 2, be reorganized and that effective December 15, 1971, its authorized strength was level Z—zero.

Government appellate counsel concede that USARMYF, MR 2, and SRAG/USARMYF, MR 2, were at all times two separately identifiable commands and that only in his capacity as CG of USARMYF, MR 2, did General Wear possess general court-martial jurisdiction. They maintain, however, that General Wear as Deputy Senior Advisor of SRAG/USARMYF, MR 2, was to carry out his military functions within that organization, including court-martial jurisdiction, as the CG of USARMYF, MR 2. They contend that USARMYF, MR 2, was simply "the Army component of a joint or combined service organization which was now designated as Second Regional Assistance Group/US Army Forces, Military Region 2 (SRAG/USARMYF MR 2)." Counsel further submit that although Headquarters, USARMYF, MR 2, was reduced to zero strength on December 15, 1971, there continued in existence an organization denominated as Augmentation, Headquarters, USARMYF, MR 2, which was not discontinued until June 21, 1972, when the entire command was fully inactivated. General Orders Number 333, Headquarters, U. S. Army, Pacific, June 19, 1972. Finally, they call attention to the opinion of the Judge Advocate General that no further grant of general court-martial jurisdiction by the Secretary of the Army was necessary.

Appellate defense counsel agree that USARMYF, MR 2, and SRAG/USARMYF, MR 2, existed as two separate military organizations. They contend, however, that when Headquarters, USARMYF, MR 2, was reduced to zero strength "[t]his meant that the members of that organization, including the Commanding General,

had to be assigned to a new or different organization by 15 December 1971." Assertedly, it was thus removed from the active list of the Army and continued to exist as an organization on paper only. Counsel point out that the Augmentation to Headquarters, USARMYF, MR 2, which consisted solely of local nationals and, hence, was not a military unit, had previously been reorganized, effective July 25, 1971, and assigned to U. S. Army, Vietnam. General Orders Number 357, Headquarters, U. S. Army, Pacific. It is the contention of Appellate defense counsel that:

> Since the headquarters ceased to function [on December 15, 1971], the organization "United States Army Forces, Military Region 2," also ceased to function. Consequently, even though Brigadier General Wear attempted thereafter to exercise general court-martial jurisdiction, his efforts are a nullity because his authority to do so evaporated when "Headquaters, United States Army Forces, Military Region 2," ceased to function. Consequently, all proceedings in the appellees' cases are void for lack of jurisdiction.

In each of the cases before us, the Court of Military Review based its holdings on the fact that the staff judge advocate's review, the action of the purported convening authority, and the promulgation order "reflect the command designation of Headquarters, Second Regional Assistance Group, United States Army Forces, Military Region 2." Inasmuch as counsel were unable to locate a special grant of general court-martial authority to that Commander, the Court of Military Review held that actions taken under that command designation were null and void.

We have no way of knowing why Headquarters, U. S. Army, Pacific, decided to reduce Headquarters, US ARMYF, MR 2, to zero strength. The General Orders effecting this reduction do not disclose the reason or its total effect; it does, however, reflect that "[p]ersonnel generated excess by this action will be reassigned locally without MPA-PCS costs." The record of trial indicates that a number of the personnel assigned to "HQ, USARMY F, MR 2" prior to December 15, 1971, were, subsequent thereto, listed as members of "HQ SRAG/USARMYF, MR 2." It is logical to presume that personnel from the one Headquarters were simply reassigned to the other, including General Wear who, upon assumption of his new duties as Deputy Senior Advisor to the Commander of the new organization, continued to occupy the position of CG, USARMYF, MR 2. He simply exercised that authority from a differently denominated Headquarters. It should be noted that in the letter of instruction to the Director of SRAG, command authority and court-martial jurisdiction over military forces was excepted from his direction and placed under the authority of the Deputy Senior Advisor, the CG, USARMYF, MR 2. Further, the Deputy Senior Advisor was to "[c]arry out his military command functions as the CG, USARMYF, MR 2."

We agree with the Court of Military Review that the majority of the pertinent documents in these records of trial do, indeed, bear the command designation SRAG/USARMYF, MR 2. Cf. United States v Goudge, 39 CMR 324 (ABR 1968). We believe, however, that the records must be read as a whole, beginning with the Orders which convened these courts. Therein, General Wear acted "[p]ursuant to the authority contained in General Order Number 28, DA, 9 June 1971." Since this authority was granted only to the "Commanding Officer, United States Army Forces, Military Region 2," it is clear that General Wear, who at all pertinent times was so designated, was then acting in the only capacity in which he was empowered to act. As the board of review (predecessor of the Court of Military Review) stated in *Goudge* at 329:

> An appointing order which cites the Secretarial authorization to the commanding officer to appoint general courts-martial, and which otherwise materially conforms to regula-

**22 USCMA 253**

tions prescribing its contents, will, when considered with the record of trial of which it forms a part, normally constitute a prima facie jurisdictional showing that the court-martial was legally constituted by proper authority.

Trial by the court so created and action by the Commanding Officer in the same case or cases, may be viewed as having been taken within the purview of the original order, absent some evidence that the authority has been withdrawn as otherwise dissipated. No such evidence is present in these cases.

In our opinion, the command designation of Headquarters, SRAG/USARMYF, MR 2, does not, under the circumstances of these cases, render the actions taken null and void.

The certified questions are answered in the negative. The decision of the Court of Military Review in *Masterman* that the court was properly convened is affirmed. The records of trial are returned to the Judge Advocate General of the Army for action not inconsistent with this opinion.

Chief Judge DARDEN and Judge QUINN concur.